

FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORTHERN CALIFORNIA COLLECTION SERVICES INC. OF SACRAMENTO, a corporation, <br><br> Plaintiff, <br><br> v. <br><br> CENTRAL SIERRA CONSTRUCTION, INC., a Nevada Corporation, <br><br> Defendant, <br><br> CENTRAL SIERRA CONSTRUCTION, INC., <br><br> Defendant-third-party-plaintiff-cross- claimant - Appellant, <br><br> v. <br><br> PRO GROUP MANAGEMENT, INC., a Nevada Corporation; et al., <br><br> Cross-defendants - Appellees. | No. 08-17548 <br><br> D.C. No. 2:06-cv-01899-JAM-DAD <br><br><br> MEMORANDUM* |

Appeal from the United States District Court

———————————

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted February 12, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

Based on the record before us, Central Sierra Construction, Inc. ("Central Sierra"), failed to create a genuine issue of material fact regarding its claim that Pro Group Management, Inc. ("Pro Group"), made material misrepresentations.

First, the record does not raise a genuine issue of material fact as to whether Pro Group told Central Sierra that Pro Group's insurance coverage fulfilled Central Sierra's workers compensation obligations under California state law. The Whitfield affidavit dated July 23, 2008, which is the only evidence adduced by Central Sierra to support this point, is conclusory and completely devoid of specificity. It fails to give the context in which Pro Group's alleged representation occurred or any details regarding the identity of the persons involved in this alleged representation to Central Sierra. Because the affidavit provides only a "skeletal set of bland allegations," it is insufficient to create a genuine issue of material fact. *Schroeder v. McDonald*, 55 F.3d 454, 460 n.12 (9th Cir. 1995) (quotation marks omitted); *see Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002).

2

Second, Central Sierra failed to adduce evidence that raises a genuine issue of material fact whether Pro Group's alleged representation was false. The lawsuit brought by the California State Compensation Insurance Fund ("State Fund") against Central Sierra does not raise the inference that Pro Group's insurance was insufficient to fulfill Central Sierra's California legal obligations because State Fund is not part of California government, *see* Cal. Ins. Code § 11771.5, and State Fund sued Central Sierra for money owed under State Fund's insurance policy. Nor do the other documents in the record create a genuine issue of material fact. The March 4, 2004 letter from State Fund states that Pro Group has not provided proof that Central Sierra's Nevada-based employees working in California were covered under Pro Group's policy. But Pro Group's subsequent letter to State Fund states that Pro Group was providing coverage for all of Central Sierra's employees performing temporary work in California. The California State License Board's "Exemption from Workers' Compensation" form completed by Central Sierra indicates that out-of-state contractors may be exempt from California's workers' compensation requirements under certain circumstances. Even viewing this evidence in the light most favorable to Central Sierra, such ambiguous and self-contradictory evidence is insufficient to raise a genuine issue of material fact that Pro Group's insurance coverage did not fulfill California's workers

3

compensation insurance requirements. *See LVRC Holdings LLC v. Brekka*, 581

F.3d 1127, 1137 (9th Cir. 2009).

Central Sierra's breach of contract claim likewise fails. As explained above,

the extrinsic evidence offered by Central Sierra does not create a genuine issue of

material fact that Pro-Group represented the insurance policy would fulfill Central

Sierra's workers compensation obligations under state law, or that the policy does

not fulfill such obligations. Accordingly, the contract language is not "reasonably

susceptible" to the interpretation Central Sierra advocates. *See Halicki Films, LLC*

*v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1223 (9th Cir. 2008). Because Central

Sierra has not established a genuine issue of material fact with respect to its

misrepresentation and breach of contract claims, Central Sierra's indemnification

claim also fails.

**AFFIRMED.**

4